ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 OCT 31 PM 1:05

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARK N. WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-030 |
| | ) | |
| W.A. HARRELL, Laurens County Sheriff; | ) | |
| RYAN TAYLOR, Captain/Jail | ) | |
| Administrator; DONNELLA PEACOCK, | ) | |
| Sergeant/Assistant Administrator; and | ) | |
| LUCILLE VAUGHN, Chief Nurse; | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Calhoun State Prison in Morgan, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is now before the Court on Plaintiff's Motion to Enter Default Judgment. (Doc. no. 18). For the reasons stated below the Court **REPORTS** and **RECOMMENDS** that the motion be **DENIED**.

### I. DISCUSSION

Plaintiff asserts that he is entitled to a default judgment because Defendants have been given a reasonable time to serve an answer on Plaintiff and have failed to do so.[1] (Id.).

---

[1] It appears that Plaintiff calculated the time for filing a responsive pleading beginning on the date that his case was first referred to a magistrate judge in the United States District Court for the Middle District of Georgia. (See doc. nos. 3, 18).

A default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. By its terms, Rule 55 contemplates two steps before entry of a default judgment. Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 683 (N.D. Iowa 1995). First, the party seeking a default must have the Clerk enter the default by submitting an "affidavit or otherwise" showing that the defaulting party "has failed to plead or otherwise defend as provided by [the] rules." Fed. R. Civ. P. 55(a). Thereafter, the moving party may then seek entry of a default judgment under Rule 55(b). Under Rule 55(b)(1), the Clerk is directed to enter a default judgment upon request of the plaintiff when all of the following conditions are present: (1) the claim is for a sum certain, or for a sum that can by computation be made certain; (2) the default is for want of appearance; and (3) the defendant is neither an infant nor an incompetent person.

As set forth above, a default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. However, a defendant is not required to file a pleading or otherwise defend himself unless and until he is properly served. Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1370 (11th Cir. 1982) (prohibiting entry of default on amended complaint that was not properly served). An examination of the record in this case reveals that at the time Plaintiff filed this motion for default judgment, Defendants had not yet been served.[2] As Defendants are not

---

[2]Indeed, as Plaintiff is proceeding IFP, his complaint must be screened pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Only when the Court finds that an IFP plaintiff presents any viable claims is the United States Marshal directed to effect service of process. Plaintiff's amended complaint had not even been screened by the Court at the time he requested this default judgment.

The Court has now screened Plaintiff's amended complaint in an order entered simultaneously with this Report and Recommendation and has directed the United States

2

required to file any responsive pleadings until they are served, Defendants are not in default. Thus, Plaintiff's motion for default judgment should be denied.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request for entry of default judgment be **DENIED**. (Doc. no. 18).

SO REPORTED and RECOMMENDED this 31st day of October, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

Marshal to effect service on Defendants Sheriff Harrell, Taylor, Peacock, and Vaughn. Thus, service must be completed within 120 days of the date of that Screening Order.