FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 JAN 30 AM 11: 46
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARK N. WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-030 |
| | ) | |
| W.A. HARRELL, Laurens County Sheriff; | ) | |
| RYAN TAYLOR, Captain/Jail | ) | |
| Administrator; DONNELLA PEACOCK, | ) | |
| Sergeant/Assistant Administrator; and | ) | |
| LUCILLE VAUGHN, Chief Nurse; | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is now before the Court upon Plaintiff's "Declaration for Entry of Default" (doc. no. 24), "Motion for Default Judgment" (doc. no. 25), and "Motion: to Move for Summary Judgment" (doc. no. 26). For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's requests for entry of default and default judgment be **DENIED** and that Plaintiff's motion for summary judgment be **DENIED** without prejudice.

### I. REQUESTS FOR DEFAULT AND DEFAULT JUDGMENT

Plaintiff asserts that he is entitled to a default and a default judgment because Defendants did not file their returns of waiver within thirty days of being served with a copy of the Court's Order directing service, the amended complaint, and waiver. (Doc. nos. 24,

24, 33). A default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. By its terms, Rule 55 contemplates two steps before entry of a default judgment. Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 683 (N.D. Iowa 1995). First, the party seeking a default must have the Clerk enter the default by submitting an "affidavit or otherwise" showing that the defaulting party "has failed to plead or otherwise defend as provided by [the] rules." Fed. R. Civ. P. 55(a). Thereafter, the moving party may then seek entry of a default judgment under Rule 55(b). Under Rule 55(b)(1), the Clerk is directed to enter a default judgment upon request of the plaintiff when all of the following conditions are present: (1) the claim is for a sum certain, or for a sum that can by computation be made certain; (2) the default is for want of appearance; and (3) the defendant is neither an infant nor an incompetent person.

As set forth above, a default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. Upon examination of the record in this case, it appears that on December 21, 2007, Defendants Harrell, Taylor, Peacock, and Vaughn, filed their waivers of service with the Court; and filed their answer to Plaintiff's amended complaint on January 7, 2008. (Doc. nos. 28-32, 36). Thus, Defendants are not in default.

Moreover, Plaintiff's argument that he is entitled to a default and a default judgment, because Defendants did not file their returns of waiver within thirty days of being served with a copy of the Court's Order directing service, is misguided. Even assuming Defendants had only thirty days within which to file their return of waiver, Plaintiff would still not be entitled

to either a default or a default judgment. Federal Rule 4 provides in pertinent part:

> If a defendant . . . fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4.

Accordingly, default and default judgment are not the relief provided by Federal Rule 4 for failing to timely return a waiver. At best, Plaintiff would be entitled to the costs subsequently incurred in effecting service on Defendants. However, Plaintiff is proceeding IFP, and therefore, has not incurred any costs. More importantly, Defendants have indeed filed their respective waivers of service and answered the amended complaint. Thus, there is no basis for entry of default or default judgment.

In sum, Plaintiff is not entitled to either a default or a default judgment. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's requests for entry of default and default judgment be **DENIED**. (Doc. nos. 24, 25).

## II. MOTION FOR SUMMARY JUDGMENT

Next, the Court turns its attention to Plaintiff's motion for summary judgment (doc. no. 26), which is opposed by Defendants (doc. no. 34). Plaintiff originally field the above-captioned complaint in the United States Court for the Middle District of Georgia on May 22, 2007. Thereafter, the above-captioned case was transferred to this Court. (Doc. no. 6). Plaintiff was granted permission to proceed IFP. (Doc. no. 8). On September 13, 2007, Plaintiff filed an amended complaint that was screened by the Court pursuant to 28 U.S.C. §§ 1915(e) and 1915(A). (Doc. no. 15). The Court directed, on October 30, 2007, that

service of process be effected on Defendants Harrell, Taylor, Peacock, and Vaughn. (Doc. no. 21). On January 7, 2007, Defendants answered Plaintiff's complaint. (Doc. no. 36).

Plaintiff asserts that he is entitled to summary judgment in the above-captioned case because he has provided sufficient facts to prove his case. (Doc. no. 26). Plaintiff contends that his facts are uncontroverted because, at the time he filed his motion for summary judgment, Defendants had not filed their waivers with the Court. (Id.). Plaintiff's motion for summary judgment consists of approximately one and a half pages of conclusory allegations that merely state that he is entitled to summary judgment.[1] For example, Plaintiff states:

> Whereas plaintiff should be granted summary of judgment in all part(s) of this case at matter, based upon the preponderance of material evidences [sic] and fact(s) of statement(s) that I have presented, to this Court along with my said amended Complaint, filed on September 13, 2007. In which all the defendant(s) were served a copy of this said complaint, via mail by the United States Marshal Service on November 7, 2007. Whereas none of the defendant(s) have replyed [sic] to the waiver or to the complaint.

(Id.).

Notably, Plaintiff did not file the separate statement of material facts required by Local Rule 56.1 or any exhibits or other documents with his summary judgment motion. In sum, Plaintiff's motion does not comply with the letter or the spirit of the Local Rule governing motions for summary judgment, and thus, is subject to summary denial. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (*per curiam*) (affirming summary denial of motion for failure to comply with court's Local Rules).

Moreover, at this preliminary stage of the proceedings, discovery has not yet been

---

[1] Plaintiff also includes one page asserting the relief he seeks. (Doc. no. 26, p. 3).

conducted, and Defendants have not had the opportunity to develop the record or conduct any discovery. For example, Defendants have not had the opportunity to depose Plaintiff or any witnesses. As Defendants have not been afforded the opportunity to develop the record to respond to a motion for summary judgment, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request for summary judgment be **DENIED** without prejudice.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's requests for entry of default and default judgment be **DENIED** (doc. nos. 24, 25) and that Plaintiff's motion for summary judgment be **DENIED** without prejudice (doc. no. 26).

SO REPORTED and RECOMMENDED this 30th day of January, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE