IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MARK N. WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 307-030 |
| ) | |
| W.A. HARRELL, Laurens County Sheriff, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is now before the Court upon Plaintiff's "Motion for Entry of Default"[1] (doc. no. 62), and "Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction/TRO Pursuant to Rule 65(b) Fed. R. Civ. P." (doc. nos. 79-1, 79-2). Defendants oppose the motions. (Doc. nos. 65, 80). For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for default/default judgment be **DENIED** and that Plaintiff's motion for a temporary restraining order be **DENIED**.

---

[1] Although Plaintiff titles his motion as a motion for default, his requested relief is that of a default judgment. (See doc. no. 62, p. 2).

## I. Motion for Default

Plaintiff asserts that he is entitled to a default and a default judgment because Plaintiff believes that Defendants' response to his motion for summary judgment was untimely. (Doc. no. 62, pp. 1-2). A default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. By its terms, Rule 55 contemplates two steps before entry of a default judgment. Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 683 (N.D. Iowa 1995). First, the party seeking a default must have the Clerk enter the default by submitting an "affidavit or otherwise" showing that the defaulting party "has failed to plead or otherwise defend as provided by [the] rules." Fed. R. Civ. P. 55(a). Thereafter, the moving party may then seek entry of a default judgment under Rule 55(b). Under Rule 55(b)(1), the Clerk is directed to enter a default judgment upon request of the plaintiff when all of the following conditions are present: (1) the claim is for a sum certain, or for a sum that can by computation be made certain; (2) the default is for want of appearance; and (3) the defendant is neither an infant nor an incompetent person.

As set forth above, a default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. In the instant case Plaintiff filed his second motion for summary judgment on February 15, 2008.[2]

---

[2]Plaintiff originally filed the above-captioned complaint in the United States District Court for the Middle District of Georgia on May 22, 2007. Thereafter, the case was transferred to this Court. (Doc. no. 6). Plaintiff was granted permission to proceed IFP. (Doc. no. 8). On September 13, 2007, Plaintiff filed an amended complaint that was screened by the Court pursuant to 28 U.S.C. §§ 1915(e) and 1915(A). (Doc. no. 15). The Court directed, on October 30, 2007, that service of process be effected on Defendants Harrell, Taylor, Peacock, and Vaughn. (Doc. no. 21). On January 7, 2008, Defendants answered Plaintiff's complaint. (Doc. no. 36). However, before Defendants were required to answer the complaint Plaintiff, on December 21, 2007, filed a motion for default/default

In light of the procedural history in this case, and the fact that Defendants had not been afforded the opportunity to develop the record in the case, they were granted an extension until March 29, 2008 within which to file a response to Plaintiff's second motion for summary judgment. (Doc. no. 56). Defendants filed their response and cross motion for summary judgment on March 31, 2008. (Doc. no. 61). Plaintiff argues that because the Court's Order explicitly granted Defendants an extension until Saturday, March 29, 2008, Defendants were required to file their response to his second motion for summary judgment no later than Friday, March 28, 2008. Because Defendants filed their response on Monday, March 31, 2008, according to Plaintiff, Defendants are in default.

Initially, the Court notes that Defendants have clearly plead or otherwise defended their cause as provided by the Federal Rules. As such, a default or default judgment is not warranted. Moreover, Fed. R. Civ. P. 6(a) Computing Time provides in pertinent part:

> The following rules apply in computing any time period specified in these rules or in any local rule, court order, or statue: ... (3) Last Day. Include the last day of the period unless it is a Saturday. . . . When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.

Of note, Fed. R. Civ. P. 6(a) applies in **computing any time period** specified, as such,

---

judgment and a motion for summary judgment. (Doc. nos. 24-26). This Court then recommended denial of both motions. (Doc. no. 44). However, before the Report and Recommendation was adopted (doc. no. 72), Plaintiff filed his second motion for summary judgment. (Doc. no. 49).

3

contrary to Plaintiff's assertion, Fed. R. Civ. P. 6 does apply to the instant facts. Therefore, Defendants timely filed their response to the Plaintiff's second motion for summary judgment on Monday, March 31, 2008. Thus, Defendants are not in "default."[3] In sum, Plaintiff is not entitled to either a default or a default judgment. Accordingly, Plaintiff's requests for entry of default/ default judgment should be denied.

## II. No Basis for Granting Motion for Temporary Restraining Order

Next, the Court turns its attention to Plaintiff's request for a temporary restraining order and an order to show cause for a preliminary injunction.[4] (Doc. nos. 79-A, 79-B). Plaintiff seeks an order requiring Defendants to test inmates at the Laurens County Jail for Tuberculosis and other communicable diseases, to allow inmates at the Laurens County Jail to see HIV specialists, and to prevent, the Court presumes, inmates with these communicable diseases from working in the kitchen and serving food.

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary

---

[3] Even if Plaintiff's theory on computing time had been correct, at best the motion would be deemed unopposed under Loc. R. 7.5 because as noted above, Defendants have already plead or otherwise defended their cause in this case.

[4] Here, Plaintiff has styled his motion as one for both a temporary restraining order and a preliminary injunction. The Court has evaluated Plaintiff's requests under the well-known standards generally applicable to both types of requests for injunctive relief. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction." (citation omitted)).

injunction will not disserve the public interest. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

In the case at bar, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Specifically, Plaintiff has failed to show that he will suffer irreparable injury if the injunction is not granted. Plaintiff is incarcerated at Calhoun State Prison and is no longer detained at the Laurens County Jail. (Doc. no. 80). Any claims for which Plaintiff is seeking injunctive relief against the Laurens County Jail employees are moot because Plaintiff has been transferred out of the facility where the alleged unconstitutional conduct occurred. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988). Moreover, as Plaintiff has been transferred from the Laurens County Jail, the purported lack of testing for communicable diseases has no effect on him whatsoever, and thus, he cannot establish irreparable injury. Accordingly, Plaintiff has failed to meet his burden of persuasion on all four requisites for injunctive relief.

In sum, Plaintiff is not entitled to either a temporary restraining order, or a preliminary injunction. Accordingly, the Plaintiff's requests for entry of a temporary restraining order and preliminary injunction should be denied.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's requests for entry of default/default judgment be **DENIED** (doc. no. 62) and that

5

Plaintiff's motion for a temporary restraining order be **DENIED** (doc. nos. 79-1, 79-2).

SO REPORTED and RECOMMENDED this 5th day of June, 2008, at Augusta, Georgia.

/s/ W. Leon Barfield
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE